# GAO

**U.S. GOVERNMENT ACCOUNTABILITY OFFICE**

**441 G St. N.W.**
**Washington, DC  20548**

August 26, 2024

Mr. Michael Ding
America First Legal Foundation
Counsel to Project Veritas
611 Pennsylvania Ave. SE, #231
Washington, DC  20003

Dear Mr. Ding:

On behalf of the Comptroller General of the United States, I am responding to your July 12, 2024, appeal of the Chief Quality Officer's denial of your March 23, 2023, request for Government Accountability Office (GAO) records.  As explained more fully below, your appeal is denied.

Your request sought the following categories of records "under the Freedom of Information Act (FOIA), 5 U.S.C. § 552," related to the GAO report entitled GAO, *UNACCOMPANIED CHILDREN: Actions Needed to Improve Grant Application Reviews and Oversight of Care Facilities*, GAO-20-609 (Washington, D.C.: Sept. 15, 2020):

1.  All communications with Representative Rosa DeLauro or her committee staff other than the September 15, 2020, transmission of the report.  The timeframe for this request is January 4, 2020, to the date this request is fulfilled.

2.  All internal GAO communications related to the communications in request #1.

3.  All communications between GAO and Congress relating to evidence of, reports involving, or complaints about, sex trafficking or human trafficking of unaccompanied alien children that involve the U.S. Department of Health and Human Services ("HHS") Office of Refugee Resettlement ("ORR") or any grantees of ORR.  The timeframe for this request is January 4, 2020, to the date that this request is fulfilled.

4.  All communications between GAO and Congress relating to evidence of, reports involving, or complaints about ORR placing unaccompanied alien children ("UAC") with sponsors who have not been properly vetted or about ORR using grantees that do not properly vet UAC sponsors.

5.  All internal GAO communications or documents related to the communications in request numbers 3 and 4.

6.  All communications with the Council of Inspectors General for Integrity and Efficiency, or with the HHS Inspector General, relating to the activities listed above in request numbers 3 and 4.  The timeframe for this request is January 4, 2020, to the date that this request is fulfilled.

7.  All internal GAO communications or documents related to the communications listed in request #5.

8.  All records regarding the processing of this request.

In denying your March 23, 2023, request, the Chief Quality Officer clarified that, as "an agency responsible to the Congress, GAO is not subject to [FOIA]," but has its own regulations concerning the availability of GAO records to the public, which are codified at 4 C.F.R. pt. 81. These regulations follow the "spirit" of FOIA.  4 C.F.R. § 81.1(a).  As to document category numbers 1, 2, and 8, the Chief Quality Officer denied your request pursuant 4 C.F.R. § 81.6(j), which exempts from disclosure records that are part of the deliberative process.  As to categories 3 through 7, no responsive documents were located.

Your appeal contends that GAO is, in fact, subject to FOIA, and that as a result GAO's regulations codified at 4 C.F.R. Part 81 do not apply to your request for documents.  You state that "as a matter of law, GAO functions as a part of the executive branch with clear and substantial independent authority," and, therefore, is subject to FOIA. You also argue that GAO carries out executive functions and its Comptroller General and Deputy Comptroller General are subject to removal by the President.  These arguments are contrary to long-standing Supreme Court precedent concluding that "GAO is an independent agency within the legislative branch that exists in large part to serve the needs of Congress."  *Bowsher v. Merck & Co., Inc.*, 460 U.S. 824, 844 (1983); *see also Bowsher v. Synar*, 478 U.S. 714, 731-32 (1986) (noting the longstanding view that "Congress has consistently viewed the Comptroller General as an officer of the Legislative Branch").  In addition to being officers in the Legislative Branch, the Comptroller General and Deputy Comptroller General are not subject to removal by the President; instead, they are subject to impeachment or removal by the Congress pursuant to a joint resolution and opportunity for a hearing for specific reasons. 31 U.S.C. § 703(e)(1).

It is also well-settled that the "entire legislative branch has been exempted from the Freedom of Information Act."  *Mayo v. U.S. Gov't Printing Office*, 9 F.3d 1450, 1451 (9th Cir. 1993); *see also Colonial Press Int'l, Inc. v. U.S.*, 788 F.3d 1350, 1357 (Fed. Cir. 2015) (explaining that the exclusion of "Congress" from FOIA coverage "refers to legislative agencies and departments generally" and "a legislative agency [ ] is excluded from the definition of 'agency'" for purposes of FOIA).  Accordingly, your contention that GAO is subject to FOIA is legally incorrect.

You also assert that the Comptroller General did not have authority to issue GAO's regulations at 4 C.F.R. Part 81.   You note that GAO promulgated these regulations pursuant to the Comptroller General's authority under 31 U.S.C. § 711 to "prescribe regulations to carry out the [office's] duties and powers."  Because "[p]ublic disclosure is not an enumerated duty or power" of the Comptroller General, you claim that promulgation of 4 C.F.R. Part 81 was "*ultra vires*." However, the Comptroller General's authority under section 711 is not limited to "enumerated" duties or powers, nor have you cited to any authority suggesting otherwise.  The Comptroller General's duties and powers encompass the authority to determine the circumstances under which GAO records may be released to the public, consistent with its responsibility to Congress.

Finally, you have not presented any arguments that GAO inappropriately administered 4 C.F.R. Part 81 as to document categories 1, 2, and 8.  I find no basis to modify the Chief Quality Officer's conclusion that these records are exempt from disclosure under 4 C.F.R. § 81.6(j).

For the reasons stated above, your appeal is denied.

There is no further right of appeal.

Sincerely,

Edda Emmanuelli Perez
General Counsel