UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE,<br><br>Defendant. | Civil Action No. 25-0662 (SLS) |

**MEMORANDUM OF POINTS AND AUTHOIRITES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

## TABLE OF CONTENTS

Table of Contents ................................................................................................................................ i

Table of Authorities ........................................................................................................................... ii

Background ........................................................................................................................................ 1

Legal Standards .................................................................................................................................. 2

Argument ........................................................................................................................................... 3

    I.     GAO is Not an Agency Subject to the FOIA ......................................................... 3

    II.    The Definitions of "Independent Establishment" and "Executive Agency" Found at 5 U.S.C. §§ 104-105 Are Inapplicable to FOIA. ................................................ 4

    III.   GAO is not Headed by "Executive Officers." ....................................................... 5

    IV.   GAO Does Not Exercise Executive Powers. .......................................................... 7

          A.    Auditing and Financial Process-Related Functions .................................. 7

          B.    Bid Protest Functions ................................................................................ 10

          C.    Investigatory Functions ............................................................................. 11

          D.    Impoundment Control Act Functions ...................................................... 13

          E.    The Davis Bacon Act Functions .............................................................. 14

Conclusion ....................................................................................................................................... 16

## TABLE OF AUTHORITIES

Page(s)

Cases

*Ameron Inc v. U.S. Army Corps of Engineers*,
 809 F.2d 979 (3d. Cir. 1986) .................................................................................... 10, 11
*Atkins v. United States*,
 556 F.2d 1028 (Ct. Cl. 1977) ........................................................................................ 11
*Bowsher v. Merck & Co. Inc.*,
 460 U.S. 824 (1983) .................................................................................................... 3, 6
*Bowsher v. Synar*,
 478 U.S. 714 (1986) ........................................................................................... 3, 5, 6, 14
*Cause of Action v. Nat'l Archives & Recs. Admin.*,
 753 F.3d 210 (D.C. Cir. 2014) .................................................................................... 3, 5
*Chen v. GAO,*
 821 F.2d 732 (D.C. Cir. 1987) .................................................................................... 3, 5
*Chennareddy v. Bowsher*,
 935 F.2d 315 (D.C. Cir. 1991) .................................................................................... 3, 5
*College Sports Council v. GAO,*
 421 F. Supp. 2d 59 (D.D.C. 2006) ................................................................................... 6
*Committee on Judiciary of the House of Representatives v. McGahn*,
 968 F.3d 755 (D.C. Cir. Aug. 2020) .............................................................................. 13
*County Narcotics Intelligence & Coordination Unit,*
 507 U.S. 163 (1993) ......................................................................................................... 3
*Ethnic Emps. of Library of Cong. v. Boorstin*,
 751 F.2d 1405 (D.C. Cir. 1985) ....................................................................................... 3
*Maloney v. Murphy*,
 984 F.3d 50 (D.C. Cir. 2020) ........................................................................................... 4
*Material Supply Int'l,Inc. v. Sunmatch Indus. Co., Ltd.*,
 62 F. Supp. 2d 13 (D.D.C. 1999) ..................................................................................... 3
*Nat'l Ass'n of Chain Drug Stores v. Dept. of Health and Human Servs.*,
 631 F. Supp. 2d 17 (D.D.C. 2009) ................................................................................. 11
*Rocky Ford Housing Authority v. U.S. Dep't of Agriculture*,
 427 F. Supp. 118 (D.D.C. 1977) .................................................................................... 13
*Rogers v. United States*,
 14 Cl. Ct. 39 (1987) ....................................................................................................... 13
*Seila Law LLC v. Consumer Financial Protection Bureau*,
 591 U.S. 197 (2020) ................................................................................................. 14, 15
*Submission of Aviation Insurance Payments to Binding Arbitration*,
 20 Op. O.L.C. 341 (1996) ................................................................................................ 8
*Walker v. Cheney*,
 230 F. Supp. 2d 51 (D.D.C. 2002) .............................................................................. 6, 11
*Washington Legal Found. v. U.S. Sentencing Comm'n*,
 17 F.3d 1446 (D.C. Cir. 1994) ..................................................................................... 3, 5

**Statutes**

2 U.S.C. § 687 ................................................................................................................................ 13
2 U.S.C. §§ 682 .............................................................................................................................. 13
5 U.S.C. §552(a) .............................................................................................................................. 3
5 U.S.C. § 105 ................................................................................................................................. 4
5 U.S.C. § 551(1) ......................................................................................................................... 3, 4
5 U.S.C. § 552 ............................................................................................................................. 1, 2
5 U.S.C. § 2954 ............................................................................................................................... 4
5 U.S.C. § 8423 ............................................................................................................................. 12
5 U.S.C. §§ 104-105 ..................................................................................................................... i, 4
15 U.S.C. § 771(a) ........................................................................................................................ 12
31 U.S.C. §703(e)(1) ....................................................................................................................... 5
31 U.S.C. § 702(a) ........................................................................................................................... 5
31 U.S.C. § 702(b) ........................................................................................................................... 1
31 U.S.C. § 712(1) ........................................................................................................................ 11
31 U.S.C. § 719 ............................................................................................................................. 12
31 U.S.C. § 3526 ............................................................................................................................. 7
31 U.S.C. § 3527(a) ......................................................................................................................... 9
31 U.S.C. § 3529(a) ......................................................................................................................... 8
31 U.S.C. § 3553(c)(1) .................................................................................................................. 10
31 U.S.C. § 3553(c)(2) .................................................................................................................. 10
31 U.S.C. § 3554(b) ...................................................................................................................... 10
31 U.S.C. § 3554(b)(3) .................................................................................................................. 10
31 U.S.C. § 3554(c) ...................................................................................................................... 10
31 U.S.C § 712-717 ...................................................................................................................... 11
41 U.S.C. § 101 ............................................................................................................................. 10
42 U.S.C. § 6381(b) ...................................................................................................................... 12

**Rules**

Fed. R. Civ. P. 12 ............................................................................................................................ 2

**Regulations**

4 C.F.R. Part 81 ............................................................................................................................... 2
4 C.F.R. §81.6(j) .............................................................................................................................. 2
4 C.F.R. § 81.1(a) ............................................................................................................................ 2
29 C.F.R. § 5.12(a)(2) ................................................................................................................... 14

**Other Authorities**

H. Res. 644 ................................................................................................................................... 12

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), Defendant, United States Government Accountability Office ("GAO"), by and through undersigned counsel, hereby moves to dismiss Plaintiff's complaint alleging that Defendant violated the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

In this action, Plaintiff seeks a declaration that GAO is an executive branch agency subject to the FOIA, and an order requiring GAO to conduct FOIA-compliant searches, demonstrate that it employed reasonable search methods, and produce non-exempt responsive records in accordance with the statute. The Complaint fails to state a claim under Rule 12(b)(6) because, as an agency of the legislative branch of the federal government, Defendant is not subject to FOIA. Plaintiff relies on various provisions within Title 5 of the U.S. Code, unrelated to FOIA, to support its argument that GAO is an executive branch agency and thus subject to FOIA. But in doing so, Plaintiff disregards well-established precedent and basic principles of statutory construction. Additionally, Plaintiff argues that GAO is headed by "executive officers" and exercises "executive powers", and as such is an executive agency subject to FOIA. Yet, the Supreme Court has established that GAO is a legislative branch agency. As such, Defendant does not have executive officers, nor does it exercise executive powers. Overall, Plaintiff has not pled any facts that support its requested relief, and the Complaint should be dismissed with prejudice.

## BACKGROUND

Often called the "investigative arm of Congress" and the "congressional watchdog", GAO is headed by the Comptroller General of the United States.[1] 31 U.S.C. § 702(b). When a vacancy occurs in the position of Comptroller General, a bipartisan, bicameral congressional commission

---

[1]   https://www.house.gov/the-house-explained/legislative-branch-partners/government-accountability-office.

recommends individuals to the President to fill the vacancy. *Id*. § 703(a)(2). The Comptroller General is appointed by the President by and with the advice and consent of the U.S. Senate. *Id.* § 703(a)(1). Notably, the Comptroller General is removable only by Congress, not the President. *Id*. § 703(e)(1).

On March 23, 2023, Plaintiff submitted what it styled as a FOIA request to GAO seeking records related to a 2020 GAO report entitled "Unaccompanied Children: Actions Needed to Improve Grant Application Reviews and Oversight of Care Facilities." Compl. (ECF No. 1) ¶¶ 13-14. On May 15, 2024, GAO responded to the request noting that GAO is not subject to FOIA and instead applies its own records disclosure regulations contained in 4 C.F.R. Part 81. *Id*. at ¶ 17. Although 4 C.F.R. § 81.1(a) provides that "[w]hile GAO is not subject to the Freedom of Information Act (5 U.S.C. § 552), GAO's disclosure policy follows the spirit of the act consistent with its duties and functions and responsibility to the Congress. Application of this act to GAO is not to be inferred from the provisions of these regulations."

GAO stated that it had located no records responsive to some of AFL's requests and that it was withholding records responsive to other requests under 4 C.F.R. §81.6(j), which protects from disclosure "materials that are part of the deliberative process." Compl. Exh. 3. Thereafter, on July 12, 2024, Plaintiff appealed the decision. *Id*. ¶ 18. Plaintiff's appeal did not address the adequacy of GAO's search for records or GAO's application of its regulations. Rather, Plaintiff argued over sixteen pages that GAO is an executive branch agency subject to FOIA. Compl. Exh. 5. On August 26, 2024, GAO denied Plaintiff 's appeal. *Id*. ¶ 19. On March 6, 2025, AFL filed the instant complaint.

## LEGAL STANDARDS

Rule 12(b)(6) provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12 (b)(6). When considering a motion to

dismiss, the court will accept as true all factual allegations contained in the complaint and construe all inferences in favor of the plaintiff. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions . . . will not suffice to prevent a motion to dismiss." *Material Supply Int'l, Inc. v. Sunmatch Indus. Co., Ltd.,* 62 F. Supp. 2d 13, 19 (D.D.C. 1999) (internal citations omitted).

## ARGUMENT

### I. GAO is Not an Agency Subject to the FOIA

FOIA requires "each agency" to make its records available to the public, subject to certain enumerated exceptions. 5 U.S.C. §552(a). For purposes of FOIA, "agency means each authority of the Government of the United States . . . but does not include . . . the Congress." 5 U.S.C. § 551(1). It is well-settled that "the Congress" for purposes of this exclusion includes the entire legislative branch, including "documents of legislative branch agencies." *Cause of Action v. Nat'l Archives & Recs. Admin.*, 753 F.3d 210, 212 (D.C. Cir. 2014) (citing *Washington Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994)); *Ethnic Emps. of Library of Cong. v. Boorstin*, 751 F.2d 1405, 1416 n.15 (D.C. Cir. 1985).

It is equally well established that GAO is an agency in the legislative branch. *Bowsher v. Merck & Co. Inc.,* 460 U.S. 824, 844 (1983) (GAO is an "agency within the legislative branch that exists in large part to serve the needs of Congress."); *Bowsher v. Synar*, 478 U.S. 714, 731-32 (1986) (noting the longstanding view that "Congress has consistently viewed the Comptroller General as an officer of the Legislative Branch"); *Chennareddy v. Bowsher*, 935 F.2d 315, 319 (D.C. Cir. 1991) ("GAO is a legislative branch agency"); *Chen v. GAO,* 821 F.2d 732, 737 n.6 (D.C. Cir. 1987) ("GAO is generally recognized as part of the legislative branch"). Accordingly, GAO is excluded from FOIA's coverage, and Plaintiff's complaint must fail.

In an effort to plead around this established precedent, Plaintiff's complaint is rife with specious arguments that GAO is nevertheless an executive branch entity. Plaintiff claims that GAO's inclusion in the definition of "executive agency" for certain purposes of Title 5 means GAO is in the executive branch for purposes of the FOIA. Compl. (ECF No. 1) ¶¶ 20-26. Plaintiff also argues that GAO is headed by executive officers and exercises executive powers. *Id.* ¶¶ 27-62. As explained in detail below, these arguments lack merit. The Complaint should be dismissed because it fails to plausibly state a claim that GAO violated FOIA.

## II. The Definitions of "Independent Establishment" and "Executive Agency" Found at 5 U.S.C. §§ 104-105 Are Inapplicable to FOIA.

Plaintiff argues that GAO is subject to the requirements of FOIA because GAO is defined as an "executive agency" at 5 U.S.C. § 105. Compl. ¶ 20. GAO's status as "an "executive agency" for certain purposes under Title 5 does not make it subject to the FOIA.

FOIA does not use the definition of "executive agency" in Section 105. Indeed, the term "executive agency" does not appear in FOIA. Rather, FOIA applies to "each agency" and, as discussed above, "agency" as defined in 5 U.S.C. 551(1) excludes legislative branch agencies such as GAO. Plaintiff's reliance on Section 105 is misplaced.

In addition, Plaintiff relies on *Maloney v. Murphy*, 984 F.3d 50, 69 (D.C. Cir. 2020), for the conclusion that FOIA generally permits "requests for information from an 'Executive agency.'" Compl. (ECF No. 1) ¶ 22. *Maloney* did not deal with FOIA. Rather, it concerned 5 U.S.C. § 2954, a statute permitting members of Congress to submit information requests to executive branch agencies, not FOIA. *Maloney*, 984 F.3d at 69 (holding that the plaintiffs—members of Congress—had standing to submit an information request to GSA under Article III). While the decision did make a passing reference to how FOIA operates, that does not change the plain language of the statute and the undisputed fact that legislative agencies, to include GAO, are

excluded from FOIA's requirements.[2] *Id.*; *see also Washington Legal Found.*, 17 F.3d. at 1449 (D.C. Cir. 1994) ("[T[his Court has interpreted the "exemption for 'the Congress' to mean the entire legislative branch," including legislative branch agencies like the Library of Congress); *see also Chen v. General Accounting Office,* 821 F.2d 732, 737 n.6 (D.C. Cir. 1987) ("GAO is generally recognized as part of the legislative branch"); *Chennareddy v. Bowsher*, 935 F.2d 315, 319 (D.C. Cir. l99l) ("GAO is a legislative branch agency"); *see also NARA*, 753 F.3d at 212.

### III.     GAO is not Headed by "Executive Officers."

Plaintiff also asserts that GAO is in the executive branch because it allegedly is headed by executive officers. Compl. (ECF No. 1) ¶¶ 27-37. However, Plaintiff's argument is squarely foreclosed by the Supreme Court's decision in *Bowsher v. Synar*, 478 U.S. 714 (1986). At issue in that case was the Comptroller General's role in administering the Gramm-Rudman-Hollings Act, which included the power to direct the executive branch to make budget cuts. *Id*. at 718. The Court held that the Comptroller General is an officer of the legislative branch to whom such executive functions may not be assigned. *Id*. at 731. A "critical factor" in that conclusion was that by statute only Congress—not the President—may remove the Comptroller General from office. 478 U.S. at 727; *see* 31 U.S.C. §703(e)(1). Examining the legislative history of GAO's organic legislation, the Court found that Congress reserved this power for itself expressly to ensure that the Comptroller General would be subject to congressional control. 478 U.S. at 728-29. The Court also noted various statements by both Congress and Comptrollers General over various years to the effect that the Comptroller General acts at the behest of Congress. *Id*. at 730-732. "Against

---

[2]     The Complaint also makes an unclear argument about the distinction between an executive department and the executive branch. Compl. (ECF No. 1) ¶ 24. It is unclear how this distinction allegedly impacts FOIA's applicability to GAO. Nonetheless, GAO is not an executive agency nor is it in the executive branch. 31 U.S.C. § 702(a) (GAO is "an instrumentality of the United States Government independent of the executive departments.").

this background," the Court saw "no escape from the conclusion that" the Comptroller General is a legislative branch official. *Id*. at 732.

Plaintiff does not meaningfully grapple with this holding. Instead, the primary source of authority for Plaintiff's argument are briefs filed by GAO itself in *Bowsher*. *See* Compl. (ECF No. 1) ¶¶ 27-37. As part of defending GAO's role in the statute at issue in the case, the then-Comptroller General filed several briefs arguing that he was not, in fact, a legislative branch official. Plaintiff quotes from these supporting briefs as purported evidence of GAO's present belief that it is an executive branch agency. *Id.* ¶ 31. Views expressed over 40 years ago by GAO's then-Comptroller General are not binding on GAO and, needless to say, do not reflect the view of the agency. Nor are they relevant; as explained above, the Court in *Bowsher* decisively rejected those arguments and held that the Comptroller General is a legislative officer.

Plaintiff also argues that Congress's removal authority is "constitutionally dubious" based on Plaintiff's mistaken belief that the Comptroller General is an executive officer. Compl. ¶ 36. However, Plaintiff's line of reasoning is again foreclosed by *Bowsher*. The Court specifically examined the removal provision and found it not only to be constitutional, but the primary basis for the holding that the Comptroller General is a legislative branch official. *See Bowsher*, 478 U.S. at 727-31.

Courts have since continued to plainly state that GAO is "an agent of the Legislative Branch" and that "Congress has consistently viewed the Comptroller General as an officer of the Legislative Branch." *Walker v. Cheney*, 230 F. Supp. 2d 51, 53 (D.D.C. 2002); *College Sports Council v. GAO*, 421 F. Supp. 2d 59, 66 (D.D.C. 2006) (citing *Bowsher v. Merck & Co.*, 460 U.S. 824, 844 (1983) ("GAO is an independent agency within the Legislative Branch that exists in large part to serve the needs of Congress.")). Plaintiff has not presented any allegations or legal

precedent that would overturn the well-established fact that GAO and its officers are legislative branch entities.

## IV. GAO Does Not Exercise Executive Powers.

The Complaint additionally alleges that GAO is in the executive branch because it exercises executive powers. As explained further below, these allegations lack merit. As a legislative branch agency, GAO performs its functions in furtherance of Congress's power of the purse and its power to legislate. *See* GAO, Principles of Federal Appropriations Law, 4th ed., 2016 rev., ch. 1, § B, GAO-16-463SP (Washington, D.C.: Mar. 2016) ("In furtherance of its constitutional responsibilities to control and oversee the use of public money, Congress has vested GAO with several statutory functions.").

### A. Auditing and Financial Process-Related Functions

GAO audits the executive branch and monitors agencies' financial processes. *See* Compl. (ECF No. 1) ¶¶ 42-46, 53-54.[3] However, there is nothing about these functions that are inherently executive in nature. Rather, these functions are directly in furtherance of Congress's constitutional power of the purse. For instance, GAO's account settlement authority in 31 U.S.C. § 3526 allows GAO to monitor whether agencies are properly maintaining account records and statements of accountability to ensure internal controls are being implemented and systems are properly running. "[W]hen the Comptroller General settles an account, he determines the amount due to the government for any funds that have been lost." *See* GAO, Principles of Federal Appropriations

---

[3] The Complaint also refers to GAO's ability to countersign warrants. Compl. ¶ 55. This is a function GAO no longer performs. *See* Department of Treasury – General Accounting Office, Joint Regulation No. 5 – Elimination of the Requirement that Certain Warrants be Countersigned in the General Accounting Office; No. 6 - Modification of Procedures for Warrants Issued Pursuant to Continuing Resolution; No. 7 - Elimination of the Requirement that Appropriation Warrants be Countersigned by the General Accounting Office.

Law, 4th ed., 2016 rev., ch. 1, § B.2, GAO-16-463SP (Washington, D.C.: Mar. 2016). Importantly, however, GAO "has no power to enforce decisions. Ultimately, agency officials who act contrary to Comptroller General decisions may have to respond to congressional appropriations and program oversight committees." *See* GAO, Principles of Federal Appropriations Law, 4th ed., 2016 rev., ch. 1, § B.2, GAO-16-463SP (Washington, D.C.: Mar. 2016).

Integral to GAO's account settlement authority is the Comptroller General's authority to issue opinions and decisions to disbursing officers, certifying officials, and to heads of agencies and agency components on questions involving a payment that will be made or a voucher presented to a certifying official. 31 U.S.C. § 3529(a). This congressionally mandated authority "serve[s] to advance Congress's constitutional prerogatives of the purse, including Congress's constitutional power to decide the purposes for which federal agencies may obligate and spend public money. [The authority serves], also, to effect federal agency stewardship and accountability for the proper use of public money." *Department of Commerce--Disposable Cups, Plates, and Cutlery (Reconsideration)*, B-327146 (Aug. 6, 2015). Again, GAO has no means to enforce these decisions. The Executive Branch has consistently maintained that GAO's opinions are advisory in nature and not binding on the executive branch since GAO is a legislative branch agency. *See Use of Appropriated Funds to Provide Light Refreshments to Non-Federal Participants at EPA Conferences*, 31 Op. O.L.C. 1 (April 5, 2007) at n.1 ("The Comptroller General is an agent of Congress. Therefore, although his views often provide helpful guidance on appropriations matters and related issues, they do not bind the Executive Branch."); *Submission of Aviation Insurance Payments to Binding Arbitration*, 20 Op. O.L.C. 341, 343 n. 3 (1996).

Indeed, the Office of Legal Counsel opinions upon which Plaintiff relies never question GAO's status as a legislative branch agency. *See, e.g., Comptroller General's Authority to Relieve*

*Disbursing and Certifying Officials from Liability*, 15 U.S. Op. Off. Legal Counsel 80, 83 (1991) (concerning only GAO's authority under § 3529 but confirming that "the Comptroller General . . . [is an] agent of Congress."); *Implementation of the Bid Protest Provisions of the Competition in Contracting Act*, 8 U.S. Op. Off. Legal Counsel 236, 246 (1984) ("On the basis of these statutory provisions, it has become generally accepted that the Comptroller General is an arm of Congress and is within the Legislative Branch.").

Plaintiff also identifies GAO's authority in 31 U.S.C. § 3527(a) to relieve accountable officers of liability as an executive function. Compl. (ECF No. 1) ¶ 43. GAO has stated that its "sole authority, with respect to relief of accountable officers of other agencies, is limited to giving or withholding concurrence with the agency's determinations[.] [I]t has no role to play when the agency has either not made the requisite statutory determinations or has made a determination adverse to the officer. Such agency action is final, as far as the GAO is concerned, and it cannot overrule any aspect of the agency's findings[.]" *Matter of: Finality of Immigration & Naturalization Service's Decision on Responsibility of Accountable Officer for Physical Losses of Funds*, B-195227 (Nov. 29, 1979). As such, this authority does not encroach upon executive duties and remains part of Congress's authority to ensure appropriated funds are being used properly. *See, e.g. Authority of Environmental Protection Agency to Hold Employees Liable for Negligent Loss, Damage, or Destruction of Government Personal Property*, 32 Op. O.L.C. 1 (May 28, 2008) at n. 5 ( "The Comptroller General traditionally has recognized that agencies may adopt regulations holding their employees liable for damage to property caused by employee negligence or misuse. At the same time, the Comptroller General has recognized the existence of specialized liability standards governing so-called 'accountable officers,' those federal officers responsible for certifying and disbursing government funds.").

B.     **Bid Protest Functions**

Plaintiff contends that GAO's bid protest recommendations are "virtually impossible for an agency to refuse to implement[.]" Compl. (ECF No. 1) ¶ 47-49. The Competition in Contracting Act ("CICA"), 41 U.S.C. § 101 *et seq*, requires an agency to use open and competitive processes when awarding federal government contracts. As part of that requirement and pursuant to 31 U.S.C. § 3554(b), GAO issues recommendations to executive branch agencies when the Comptroller General determines that an agency procurement "solicitation, proposed award, or award does not comply with a statute or regulation[.]" 31 U.S.C. § 3554(b). If an agency does not implement the recommendations, it must notify the Comptroller General within 65 days. 31 U.S.C. § 3554(b)(3). The Comptroller General is then tasked with reporting an agency's decision not to implement the Comptroller General's recommendation to Congress. 31 U.S.C. § 3554(c). Thus, these functions serve Congress' prerogative to ensure federal funds are properly obligated. None of these procedures bind an agency to GAO's bid protest recommendations and agencies may decide not to implement the recommendations.

Under CICA, "a contract may not be awarded in any procurement after the Federal agency has received notice of a protest with respect to such procurement from the Comptroller General and while the protest is pending." 31 U.S.C. § 3553(c)(1). This provision is an automatic function of the statute and GAO does not exercise any judgment or discretion in its execution. Thus, the administrative stay under Section 3553(c)(1) is not an executive function. Further the agency may still authorize the award of the contract upon a "written finding that urgent and compelling circumstances" will not permit waiting for the decision of the Comptroller General and advising the Comptroller General of that finding. 31 U.S.C. § 3553(c)(2).

Nor does GAO exercise executive power when opining on the propriety of agency procurements. In *Ameron Inc v. U.S. Army Corps of Engineers*, 809 F.2d 979 (3d. Cir. 1986), the court addressed the Comptroller General's participation in the bid protest process:

> The mere fact that a non-executive government official interprets the law, however, does not in and of itself mean that this official infringes on the President's authority to execute the law. Indeed, the Army's suggestion that interpretation of the law by those outside the executive branch infringes on the President's authority to execute the law would render unconstitutional a substantial portion of our constitutional system long thought to be at least permissible and at most constitutionally required....Because CICA does not allow Congress to wield powers that have been given to the executive, either by the Constitution itself or in the delegation in CICA, the Comptroller General actions under CICA alone do not constitute "execution of the law in constitutional terms."

*Id.* at 990.

### C.     Investigatory Functions

GAO has statutory authority to "investigate all matters related to the receipt, disbursement, and use of public money." 31 U.S.C. § 712(1); *see also* Compl. (ECF No. 1) ¶¶ 50-52. The ability to conduct investigations is not an executive function. The legislative branch "is acknowledged to have . . . the power to carry on investigations, even though this too is not expressly provided for in the Constitution." *Atkins v. United States*, 556 F.2d 1028, 1062 (Ct. Cl. 1977). This court has recognized that "GAO . . . is Congress's investigative arm" and is granted "broad authority to carry out investigations and evaluations regarding public expenditures[.]" *Nat'l Ass'n of Chain Drug Stores v. Dept. of Health and Human Servs.*, 631 F. Supp. 2d 17, 21 (D.D.C. 2009). GAO's authorization to investigate the use of public money, and the processes for those investigations, are not executive in nature but rather are an extension of Congress' power of the purse and legislative function. *See* 31 U.S.C § 712-717. GAO's investigatory authority is limited to legitimate legislative responsibilities including ensuring appropriated funds are used as directed. *See Chain of Drug Stores*, 631 F. Supp. 2d at 21.

In support of its argument that investigatory powers, such as issuing subpoenas and bringing a civil action, are executive, Plaintiff also cites to *Walker*, 230 F. Supp. 2d at 54. Compl. (ECF No. 1) ¶ 51. However, *Walker* did not conclude that GAO's investigatory powers are an executive function; in fact, it reaffirmed the holding in *Bowsher* that GAO is a legislative agency. *Id.* at 63-64.

Additionally, GAO does not have enforcement power regarding the findings in its investigatory reports. *See* GAO, Principles of Federal Appropriations Law, 4th ed., 2016 rev., ch. 1, § B.3, GAO-16-463SP (Washington, D.C.: Mar. 2016) ("[T]he law does not require the agency to comply with the recommendation, merely to report on the "actions taken," which can range from full compliance to zero. The theory is that, if the agency disagrees with the GAO recommendation, Congress will have both positions so that it can then take whatever action it might deem appropriate"). GAO's recommendations are reported to Congress for further action, if needed. *See, e.g.*, 31 U.S.C. § 719; *Department of Defense – Compliance with Statutory Notification*, B-326013 (Aug. 21, 2014) (GAO report on a Department of Defense investigation finding that the Department violated the Antideficiency Act when it used appropriated funds to transfer detainees without congressional notice) and H. Res. 644, 113th Cong. (2014) (House Resolution condemning the Department's violation). As such, the mere fact that GAO can investigate the manner in which public funds are used is not indicative of executive power and authority.

Plaintiff also references several other provisions as additional purported examples of executive functions. However, these are simply further examples of GAO's investigatory functions on behalf of Congress. For example, under 42 U.S.C. § 6381(b) the Comptroller General can conduct "verification examinations" of private energy resources companies, including issuing

subpoenas and entering business facilities, if requested to do so by a congressional committee. A verification examination is akin to Congress's legitimate investigatory authority and not an example of an infringement on executive power. *See Atkins*, 556 F.2d at 1062. Similarly, GAO is required to report to Congress on the Federal Energy Administration's programs and provide recommendations for modifications to existing laws. 15 U.S.C. § 771(a). Again, this is a legislative function tied to GAO's investigatory and oversight duties in furtherance of Congress's power to legislate. Finally, Plaintiff points to a provision about drafting procedures on how contributions can be deposited in the Civil Service Retirement and Disability Fund. 5 U.S.C. § 8423. It is unclear how drafting procedures is an executive function. Moreover, the statutory language is permissive and not mandatory; further eroding Plaintiff's executive function argument.

### D.     Impoundment Control Act Functions

Under the Impoundment Control Act ("ICA") the Comptroller General is "expressly empowered, through attorneys of his own selection, to bring a civil action in the United States District Court for the District of Columbia" when funds appropriated by Congress are not obligated by the executive branch. 2 U.S.C. § 687. The Comptroller General's authority to bring a lawsuit under the ICA is another example of a GAO function supporting Congress's constitutional power to appropriate funds. 2 U.S.C. §§ 682, 686 (requiring the Comptroller General to make reports to Congress on rescissions or deferrals of budget authority); *see, e.g.*, GAO's Letter to President of Senate and Speaker of the House, B-241514.2, (Feb. 5, 1991) (reporting to Congress an impoundment by DOD when military construction funds were withheld to improve program efficiency). Further, a lawsuit against the executive branch to enforce a federal statute is not an executive function. *See, e.g, Rogers v. United States*, 14 Cl. Ct. 39, 50 (1987) ("Instead, Congress expressly provided that lawsuits based on the Impoundment Control Act must be brought by the Comptroller General in the United States District Court for the District of Columbia. In every

action under the Impoundment Control Act, the Comptroller General must receive the tacit approval of Congress." (citations omitted)); *Rocky Ford Housing Authority v. U.S. Dep't of Agriculture*, 427 F. Supp. 118, 134 (D.D.C. 1977). Suing to require an executive branch officer to execute the law is not the same thing as executing the law directly. *See, e.g., Office of Management and Budget – Withholding of Ukraine Security Assistance*, B-331564 (Jan. 16, 2020) ("Faithful execution of the law does not permit the President to substitute his own policy priorities for those that Congress has enacted into law. In fact, Congress was concerned about exactly these types of withholdings when it enacted and later amended the ICA."); *see, e.g., Committee on Judiciary of the House of Representatives v. McGahn*, 968 F.3d 755, 766-771 (D.C. Cir. Aug. 2020) (discussing the power of each House of Congress to bring suit to enforce a subpoena). Rather, the result of such litigation would be an order requiring the executive branch to execute the law, again in furtherance of Congress's power of the purse.

### E. The Davis Bacon Act Functions

Finally, Plaintiff points to the Davis Bacon Act as another purported example of GAO's executive functions. Compl. (ECF No. 1) ¶ 58. The Davis Bacon Act requires contractors and subcontractors to pay workers the local prevailing wage. 40 U.S.C.§ 3142. GAO maintains a list of contractors and subcontractors who violate the statute, and those entities are barred from federal contracts for three years. *Id.* § 3144(b). The Department of Labor largely adjudicates contractor debarments and, for contractors subject to the Davis Bacon Act, GAO reviews the Department of Labor's record to ensure that the contractor was given proper notice and that the record supports a finding that the contractor violated the statute. Reviewing an administrative file created by an executive agency is not an executive function. GAO's role in the debarment process is largely ministerial and not one that requires enforcing the law itself. *See, e.g.,* 29 C.F.R. § 5.12(a)(2) ("In cases arising under contracts covered by the Davis-Bacon Act, the Administrator will transmit to

the Comptroller General the name(s) of the contractors or subcontractors and their responsible officers, if any, and any firms, corporations, partnerships, or associations in which the contractors, subcontractors, or responsible officers are known to have an interest, who have been found to have disregarded their obligations to workers or subcontractors, and the recommendation of the Secretary of Labor or authorized representative regarding debarment.").

Finally, even if some of the functions that GAO fulfills are executive in nature—and they are not—that might call into question the Comptroller General's role in carrying out those functions, but it would not transform GAO into an agency in the executive branch. *See Bowsher*, 478 U.S. 714 (1986) (stripping an executive function from the Comptroller General after finding that he is an agent of Congress). Plaintiff's reliance on *Seila Law LLC v. Consumer Financial Protection Bureau*, 591 U.S. 197, 213 (2020), for the proposition that "agencies exercising executive power are necessarily part of the executive branch" is misplaced. Compl. (ECF No. 1) ¶ 6. *Seila Law* held that the President's unrestricted removal power is infringed upon by laws that dictate how an executive agent can be removed from an agency. *See* 591 U.S. at 204. The placement of the agency in question in the executive branch was assumed and was never discussed in the Court's decision. Thus, *Seila Law* cannot be read as broadly as Plaintiff asserts.

\* \* \*

## CONCLUSION

For these reasons, Defendant respectfully asks this Court to enter an order granting the Defendant's motion to dismiss the complaint in its entirety.

Dated: May 28, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     */s/ Stephen DeGenaro*
STEPHEN DEGENARO, D.C. Bar #1047116
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7229
Stephen.DeGenaro@usdoj.gov

*Attorneys for the United States of America*