UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES GOVERNMENT ACCOUNTABILITY OFFICE,<br><br>      Defendant. | Civil Action No. 25-0662 (SLS) |

**REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Rife with scattershot and half-formed arguments, Plaintiff's opposition ("Pl.'s Opp.," ECF No. 11) fails to grapple with the fundamental shortcomings of its position that Defendant the United States Government Accountability Office ("GAO") is an executive branch agency subject to the Freedom of Information Act ("FOIA").  As demonstrated in its Motion to Dismiss ("Def.'s Mot.," ECF No. 9), GAO is plainly an entity in the legislative branch, and years of judicial precedent holds that the entire legislative branch is excluded from FOIA's coverage.  Attempting to overcome these well-settled principles, Plaintiff relies on a convoluted, and at times contradictory, analysis of Title 5 in its argument that as an "executive agency" as defined in 5 U.S.C. § 105, GAO must also be subject to FOIA, ignoring the simple fact that FOIA does not apply to an "executive agency" under section 105. *See* Pl.'s Opp. at 4-18. Plaintiff also argues that GAO is not within "the Congress" exclusion from FOIA despite the many cases, including the seminal decision in *Bowsher v. Synar*, 478 U.S. 714 (1986), stating that GAO is within the legislative branch.

Plaintiff's argument that GAO performs executive functions and is therefore an executive branch agency is equally unavailing.  Instead of pointing to any specific legal authority affirming that GAO's alleged executive functions makes it an executive branch entity subject to FOIA, Plaintiff just describes GAO's responsibilities under various laws. The avalanche of information about GAO's statutory responsibilities is merely a distraction from Plaintiff's legally incognizable position on this point. Specifically, the Supreme Court in *Bowsher*, 478 U.S. at 731, definitively ruled that as a legislative branch agency, GAO was impermissibly assigned executive duties under the Balanced Budget and Emergency Deficit Control Act of 1985.  The Supreme Court did not find that Congress intended for GAO to be an executive branch agency by assigning it executive functions.  Despite this controlling precedent, Plaintiff argues that GAO's standing as a legislative

branch agency remains undecided and is a matter of first impression. This question has been considered by the Supreme Court as well as many other inferior courts and, in each case, GAO has been declared to be within the legislative branch. As such, Plaintiff's exhaustive list of GAO's alleged executive duties is not persuasive or relevant to the core question at the center of this litigation—namely whether GAO is covered by FOIA. It clearly is not.

For the reasons discussed herein and in GAO's motion, Plaintiff's complaint fails to state a claim for which relief can be granted and should be dismissed in its entirety with prejudice.

## I. Plaintiff's Statutory Interpretation Argument is Wrong

While Plaintiff alleges that this "case can be resolved straightforwardly," Pl.'s Opp. at 4, its arguments are anything but straightforward. Plaintiff confuses and conflates various statutory terms to conclude that because GAO is encompassed in the definition of an "executive agency" in 5 U.S.C. §105 that it must also be an "agency," or "an establishment in the executive branch of Government," or perhaps even an "independent regulatory agency," as those terms are used and defined in FOIA and the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq*. Pl.'s Opp. at 5-11. Chapter 7 of the APA, like FOIA, covers each "agency." And, as with FOIA, the definition of "agency" excludes "the Congress." 5 U.S.C. § 701(b).

Courts first and primarily consider the plain language of a statute. *See Qi-Zhuo v. Meissner*, 70 F.3d 136, 140 (D.C. Cir. 1995) ("Where, as here, the plain language of the statute is clear, the court generally will not inquire further into its meaning . . . .")(citing *Norfolk & W. Ry. Co. v. American Train Dispatchers' Ass'n*, 499 U.S. 117, 128 (1991); *Lever Bros. Co. v. United States*, 877 F.2d 101, 105 (D.C. Cir. 1989)). However, Plaintiff appears to believe that when Congress uses distinct but somewhat similar-sounding terms in different statutes, we assume they all mean

the same thing. However, these are each different statutory phrases and they are not used interchangeably.

There is no dispute that GAO is included in the definition of "executive agency" under 5 U.S.C §105 as an "independent establishment" as that term is defined in 5 U.S.C. § 104. But those simply are not the statutory definitions at issue here, despite Plaintiff's repeated insistence otherwise. FOIA *plainly* applies to "agencies"—not "executive agencies"—defined as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include . . . 'the Congress.'" 5 U.S.C. § 551(1).

Plaintiff never squarely addresses the plain text of FOIA and the fact that it has its own separate definitional terms that do not include "executive agency." Instead, it presents a series of specious arguments that lend no credence to its position.

Plaintiff points to the definition of "agency" in 5 U.S.C. § 902(1), which includes an "executive agency" but specifically excludes GAO, as evidence that Congress "knew how to exclude GAO from covered 'agencies' when it wanted to." Pl.'s Opp. at 14. Plaintiff cites several other definitional statutes in Title 5 for the same proposition. *Id.* However, these statutes lend credence to GAO's position, not Plaintiff's. Each cited statute specifically includes within its an ambit an "executive agency," from which GAO is specifically excluded. *E.g.* 5 U.S.C. § 3330(a) ("For the purpose of this section, the term 'agency' means an Executive agency, excluding the Government Accountability Office"). Thus, these statutes merely demonstrate that Congress knew how to exclude GAO from the definition of "executive agency" when it wanted to. Congress of course did not need any such language to exclude GAO from the definition of "agency" in FOIA, because that definition does not encompass the term "executive agency." Indeed, Congress would not have needed to specify that in certain statutes the term "agency" includes "executive agency"

3

(excluding GAO) if the two terms were interchangeable, as Plaintiff insists. Rather, GAO is excluded from FOIA as part of "the Congress." Plaintiff makes a similar argument about 5 U.S.C. § 415(a)(2), which defines "federal entity" as "an entity in the executive branch" but specifically excludes GAO. Plaintiff argues that this means that Congress considers GAO to otherwise be an entity in the executive branch. Pl.'s Opp. at 13-14. However, as Plaintiff notes, section 415(a)(2) also excludes "any entity in the judicial or legislative branches" from the definition of "federal entity." By Plaintiff's logic, Congress would also consider those two branches to be part of the executive branch, an absurd result.

Plaintiff also alleges that GAO's interpretation of "executive agency" assumes Congress gave the phrase a "fictional meaning" because it would not apply to the definition of "agency" used in FOIA. Pl.'s Opp. at 12. GAO is not making an interpretive argument; instead, GAO is making a plain language common sense argument—FOIA does not use the term "executive agency" and, thus, GAO is excluded. In a similar vein, Plaintiff's argument that "[a]pplying the Congressional understanding from §§ 104 and 105 to FOIA" makes GAO an "agency" that is an "establishment in the executive branch" or an independent agency" under FOIA is nonsensical. Pl.'s Opp. at 13. Congress intended for GAO to be included in the definition of an "executive agency" under § 105, but—the phrase "executive agency" is not used in FOIA.

Plaintiff also argues that GAO's "organic statute" which provides that "[t]o the extent applicable, all laws generally related to administering an agency apply to the Comptroller General" makes FOIA applicable to GAO. Pl.'s Opp. at 37. Plaintiff does not bother to explain how this provision, which does not reference FOIA, applies to this case. Even assuming that FOIA is a law that "relates to administering an agency," Plaintiff's argument fails because of the phrase "to the extent applicable." As discussed, FOIA does not apply to GAO. In fact, as Plaintiff points out,

4

throughout Title 5, Congress exempted GAO from many statutes that conceivably relate to "administering an agency." *See* Pl.'s Opp. at 14 (citing provisions within Title 5 that exempt GAO from its coverage).

Plaintiff also seems to assert that GAO is an "independent regulatory agency" covered under FOIA but fails to fully flesh out this argument. Pl.'s Opp. at 15 ("If anything, this description of GAO as an "independent agency" is closer to FOIA's application to "any independent regulatory agency"). Plaintiff attempts to equate GAO's status as an "instrumentality of the U.S. Government independent of the executive departments" in 31 U.S.C. § 702, and as an "independent establishment" in 5 U.S.C. § 104, with the term "independent regulatory agency" under FOIA. However, the phrases "independent regulatory agency" and an instrumentality "independent of the executive departments" and "independent establishment" are vastly different terms. Nowhere is GAO defined as an "independent regulatory agency." *See, e.g.*, 44 U.S.C. § 3502(5) (identifying specific agencies such as "the Board of Governors of the Federal Reserve System, the Commodity Futures Trading Commission, the Consumer Product Safety Commission, . . . ." under the definition of an "independent regulatory agency").

Additionally, Plaintiff also cites to caselaw to show that GAO is covered by FOIA. These cases do not support that position. Plaintiff relies on *Washington Legal Foundation v. United States Sentencing Commission*, 17 F.3d 1446, 1449 (D.C. Cir 1994), for the proposition that "the term 'agency' was supposed to have substantially the same meaning in the APA as in two preexisting statutes..." Pl.'s Opp. at 8. In fact, *Washington Legal Foundation* held that the "Library of Congress (part of the legislative branch but a separate entity from "the Congress," narrowly defined) is exempt from the APA because its provisions do not apply to "the Congress"--that is,

5

the legislative branch." 17 F.3d at 1449. Thus, this case supports Defendant's argument that "the Congress" includes the entire legislative branch which encompasses GAO.

Similarly, Plaintiff cites to *Metlife Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 672 (D.C. Cir. 2017), a case that assessed whether the Dodd Frank Act required courts to seal financial information from disclosure, for the proposition that FOIA applies to "information in the hands of executive agencies." Pl.'s Opp. at 7. This passing reference to executive agencies illustrated only that FOIA applies to documents in the executive branch and not the judicial branch. *Metlife Inc.*, 865 F.3d at 672. The reference certainly does not to state that FOIA applies to GAO as an "executive agency" under 5 U.S.C. 105. Plaintiff's reliance on *Energy Research Fund v. Defense Nuclear Facilities Safety Board*, 917 F.2d 581 (1990), is also misplaced because the unlike GAO, the Defense Nuclear Facilities Safety Board is defined as an "establishment in the executive branch" which falls under FOIA's definition of agency.

Plaintiff also cites to *U.S. Institute for Peace v. Jackson*, 2025 U.S. Dist. LEXIS 95106 at *4 (D.D.C. May 19, 2025), which analyzed whether the U.S. Institute for Peace is a governmental entity, and if so in what branch it resides. In discussing the intersection between the three branches of government, the court stated that "[f]ederal entities may be classified as legislative for one purpose but treated as executive for others." *Id.* at *78. To illustrate the point, the court noted GAO's status as a legislative branch entity but then stated—without citation or any elaboration— "that the definition of 'executive agency,' under 5 U.S.C. § 105, which applies to the APA and other statutes governing executive agencies, explicitly includes GAO." *Id.* at *79. Plaintiff seizes on this sentence as definitive proof that the APA covers GAO and that, therefore, so does FOIA.

That is a bridge too far. Setting aside whether an entity could reside in two separate branches of government, the statement that 5 U.S.C. § 105 applies to the APA is simply incorrect

6

as a matter of law. It is unclear whether the court's brief reference to the APA was intended to refer to the definition of "agency" found in FOIA or the definition in the section of the APA covering judicial review of agency action, (5 U.S.C. § 701 et seq) but the definitional term "executive agency" does not appear in either, and both exclude "the Congress." The court also did not mention the long line of binding precedent in this Circuit holding that "the Congress," as used in both statutes, includes the entire legislative branch.

Moreover, the sentence was but one in a 150-plus page opinion that did not otherwise mention or concern GAO or the subjects at issue here. In contrast, when squarely presented with the question of GAO's coverage under the APA, this court has explicitly found that as an entity in the legislative branch, GAO is not an "agency" for purposes of the APA. *Pond Constructors, Inc. v. GAO*, 2018 U.S. Dist. LEXIS 89414, at *1 (May 30, 2018) (dismissing APA complaint against GAO "because under D.C. Circuit caselaw, GAO—an entity within the legislative branch—is not an agency under the APA."). "The D.C. Circuit has concluded . . . that 'the APA exemption for 'the Congress' mean[s] the entire legislative branch.' *Washington Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1449, 305 U.S. App. D.C. 93 (D.C. Cir. 1994). GAO is 'part of the legislative branch.' *Chen v. General Accounting Office*, 821 F.2d 732, 261 U.S. App. D.C. 244 (D.C. Cir. 1987). The APA, therefore, does not waive sovereign immunity for suits against GAO." *Id.* at *2. The passing statement from *Institute for Peace* regarding the APA's applicability to GAO does not overturn precedent, directly on point, reaching the opposite conclusion.[1] *Bowsher v. Merck & Co. Inc.,* 460 U.S. 824, 844 (1983) (GAO is an "agency within the legislative branch

---

[1] The decision in *Institute for Peace* is currently on appeal. The D.C. Circuit stayed the injunction entered by the District Court pending appeal, finding that the government likely to succeed on the merits. 2025 U.S. App. LEXIS 15963 (June 27, 2025).

7

that exists in large part to serve the needs of Congress."); *Washington Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1449 (D.C. Cir. 1994); *See Cohens v. Virginia*, 19 U.S. 264, 399 (1821) ("[Expressions] . . . that go beyond the case, [] may be respected, but ought not to control the judgment in a subsequent suit when the very point is presented for decision.")

Finally, Plaintiff also dismisses settled caselaw holding that GAO is within the legislative branch as dicta or irrelevant because the cases did not specifically consider FOIA. *See* Pl.'s Opp. at 15-18. The argument fails. GAO has been found to be a legislative branch agency by courts in this district, including within the context that is squarely applicable to this case. *See Pond Constructors, Inc.* at *1 (May 30, 2018); *see also*, *Bowsher v. Merck & Co. Inc.,* 460 U.S. 824, 844 (1983) (GAO is an "agency within the legislative branch that exists in large part to serve the needs of Congress."); *Bowsher v. Synar*, 478 U.S. 714, 731-32 (1986) (noting the longstanding view that "Congress has consistently viewed the Comptroller General as an officer of the Legislative Branch"); *Chennareddy v. Bowsher*, 935 F.2d 315, 319 (D.C. Cir. 1991) ("GAO is a legislative branch agency"); *Chen v. GAO,* 821 F.2d 732, 737 n.6 (D.C. Cir. 1987) ("GAO is generally recognized as part of the legislative branch"). Further, courts in this district have consistently held that the exception for "the Congress" in FOIA applies to the entire legislative branch. *Washington Legal Found.*, 17 F.3d at 1449; *Cause of Action v. Nat'l Archives & Recs. Admin.,* 926 F. Supp. 2d 182, 185 (D.D.C. 2013), *aff'd*, 753 F.3d 210 (D.C. Cir. 2014) ("For purposes of FOIA, however, the definition of an "agency" specifically excludes Congress, legislative agencies, and other entities within the legislative branch."). Plaintiff would have the court ignore this precedent and hold that GAO, alone among legislative branch entities, is subject to FOIA.

**II.     The GAO Does Not Have Executive Officers, Nor Does It Exercise Executive Powers**

Plaintiff additionally claims that GAO is an executive agency due to its alleged leadership by executive officers and exercise of executive power. Pl.'s Opp. at 22-37. Defendant addressed

8

Plaintiff's arguments on these points in its opening motion by pointing to the holding in *Bowsher v. Synar*, 478 U.S. 714 (1986) finding that GAO is a legislative branch agency led by a legislative officer and explaining in detail how GAO's functions are not executive. Def.'s Mot. at 9-15. Plaintiff attempts to dismiss the holding in *Bowsher* as nonbinding because it "did not consider GAO's status for Title 5 or FOIA purposes." Pl.'s Opp. at 21. This is a distinction without a difference—*Bowsher* confirmed GAO's status as a legislative branch agency and Plaintiff has presented no valid argument as to why that status would change under FOIA.

Plaintiff's position regarding GAO's alleged executive officers is flawed. Plaintiff substitutes its judgment for that of the Supreme Court by declaring that the "congressional removal provision does not show that Congress understood GAO to be part of the legislative branch for Title 5 purposes." Pl.'s Opp. at 20. This is an illogical conclusion. The congressional removal provision shows congressional intent for GAO to be *part of* the legislative branch, not separate from it. Plaintiff seems to acknowledge its faulty argument by later stating that "the point is that the removal provision does not override other indicia that GAO is an executive (or independent) agency in Title 5" - which directly contradicts *Bowsher*'s holding. *Id*. at p. 21.

As to GAO's alleged executive powers, Plaintiff again merely describes at length many of GAO's authorities under various statutes and declares them to be executive in nature. Pl.'s Opp. at 23-37. As stated in GAO's motion, GAO's investigatory functions; verification examinations[2]; auditing and financial processing related functions; duties under the Davis Bacon Act and under

---

[2] Plaintiff alleges that Defendant "suggests that these examinations happen only at the request of a congressional committee." Pl.'s Opp. at 30 (cleaned up). Defendant did not claim that verification examinations only happen at the request of a congressional committee. Instead, Defendant stated that it can conduct an examination if requested to do so by a committee; not that a congressional request was the only method. Def.'s Mot. at 12-13.

the Impoundment Control Act; and bid protest duties are not executive. Def.'s Mot. at 10-15. Instead, "GAO performs its functions in furtherance of Congress's power of the purse and its power to legislate." Def.'s Mot. at 7. Further the alleged executive powers discussed by Plaintiff in its opposition are proper legislative functions. For instance, GAO does not have broad and unchecked subpoena authority as Plaintiff claims. While GAO may subpoena records under 31 U.S.C. § 716(c) when a record is not made available to the Comptroller General and is needed as part of GAO's auditing duties, this section also includes limitations on GAO's ability to enforce its subpoena authority. *See* 31 U.S.C. § 716(d). Further, the ability to issue subpoenas is not purely executive. "Article I of the Constitution vests federal legislative power in Congress. U.S. Const. art. I, § 1. Congressional subpoenas, issued in furtherance of the legislative function, thus "must serve a 'valid legislative purpose.'" Congress's subpoena power "encompasses inquiries into the administration of existing laws" and "studies of proposed laws." The "congressional power to obtain information" for those legislative purposes is 'broad' and 'indispensable.'" *Trump v. Mazars USA*, LLP, 39 F.4th 774, 790 (D.C. Cir. 2022) (internal citations omitted, punctuation in original) (narrowing a congressional subpoena). GAO's subpoena authority is for a valid legislative purpose – auditing executive agencies on behalf of Congress to ensure proper use of appropriated funds. As such, this authority, much like the other authorities discussed in GAO's motion to dismiss, is not executive in nature, but rather is in furtherance of Congress's legislative power.

Nonetheless, whether the duties discussed in Plaintiff's complaint and its opposition are executive functions is not relevant to Plaintiff's request for declaratory relief under FOIA in this matter. Even assuming, *arguendo*, that GAO is headed by executive officers and exercises some executive powers, Plaintiff does not connect those purported claims to a legal authority showing

10

that it would make GAO an executive branch entity subject to FOIA. If the court determined that GAO exercised such executive authority, GAO would not be abruptly transformed into an executive branch agency subject to FOIA and other Title 5 requirements. *See, e.g.*, *Bowsher v. Synar*, 478 U.S. 714 (1986) (As a legislative branch entity, GAO may not permissibly carry out executive functions).

In summary, Plaintiff has failed to plausibly state a claim for relief and its Complaint must be dismissed. FOIA's plain language excludes the Congress and thus all legislative branch agencies, including GAO, from its purview and Plaintiff's strained arguments do not support a different conclusion. Plaintiff's statutory interpretation and executive functions arguments both fail upon scrutiny. As such, Defendant's motion should be granted and the complaint dismissed in its entirety.

Dated: July 28, 2025  
Washington, D.C.

Respectfully submitted,

JEANINE FERRIS PIRRO  
United States Attorney

By: */s/ Brenda González Horowitz*  
BRENDA GONZÁLEZ HOROWITZ  
D.C. Bar No. 1017243  
Assistant United States Attorney  
601 D Street, NW  
Washington, DC 20530  
(202) 252-2512

*Attorneys for the United States of America*